JACKSON LEWIS LLP
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, NJ 07960
(973) 538-6890
ATTORNEYS FOR DEFENDANT PFIZER INC.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATIENT CARE ASSOCIATES LLC a/s/o L.H., | : |
| Plaintiff, | : |
| vs. | : Civil Action No. 2:13-cv-2065 (CCC)(JAD) |
| PFIZER; ABC CORP. (1-10) (Said names being fictitious and unknown entities), | : |
| Defendant(s). | : |

---

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT PFIZER INC.'S
## MOTION TO PARTIALLY DISMISS PLAINTIFF'S COMPLAINT

---

Of Counsel:
 Carla D. Macaluso
 Janet O. Lee

On the Brief:
 Carla D. Macaluso
 Janet O. Lee

## TABLE OF CONTENTS

**PAGE**

TABLE OF CONTENTS.................................................................................................. i

TABLE OF AUTHORITIES ........................................................................................... ii

PRELIMINARY STATEMENT ......................................................................................1

FACTS .............................................................................................................................3

LEGAL ARGUMENT .....................................................................................................5

POINT I.  THE SECOND AND THIRD COUNTS OF THE COMPLAINT ARE SUBJECT TO DISMISSAL BECAUSE THEY FAIL TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED .......................................5

POINT II.  COUNT TWO OF THE COMPLAINT IS DUPLICATIVE OF, AND IS THEREFORE SUBSUMED BY, PLAINTIFF'S CLAIM FOR BENEFITS UNDER ERISA.................................................................7

POINT III.  COUNT THREE OF THE COMPLAINT ASSERTS A STATE LAW CLAIM THAT RELATES TO AN EMPLOYEE BENEFIT PLAN GOVERNED BY ERISA AND IS THUS PREEMPTED AND MUST BE DISMISSED ......................................................................................10

    A.  ERISA Preemption.....................................................................10

    B.  The Plan Is An Employee Benefit Plan Governed by ERISA ...................................................................................11

    C.  Plaintiff's State Law Claim Clearly Relates To The Plan ..........................................................................................11

POINT IV.  AS A MATTER OF LAW, COMPENSATORY AND OTHER NON-CONTRACTUAL DAMAGES ARE UNAVAILABLE ON PLAINTIFF'S CLAIM FOR BENEFITS UNDER THE PLAN...........................14

CONCLUSION ..............................................................................................................15

i

## TABLE OF AUTHORITIES

**Cases**                                                                   **Page(s)**

Aetna Health Inc. v. Davila,
   542 U.S. 200 (2004)..................................................................................................10

Albright v. Oliver,
   510 U.S. 266 (1994)....................................................................................................5

Ashcroft v. Iqbal,
   556 U.S. 662 (2009)....................................................................................................6

Barber v. UNUM Life Ins. Co. of Am.,
   383 F.3d 134 (3d Cir. 2004)......................................................................................14

Bell Atlantic Corp. v. Twombly,
   550 U.S. 544 (2007)....................................................................................................6

Beye v. Horizon Blue Cross and Blue Shield of New Jersey,
   568 F. Supp. 2d 556 (D.N.J. Aug. 1, 2008) ............................................................12

Cohen v. Independence Blue Cross,
   820 F. Supp. 2d 594 (D.N.J. 2011) ............................................................................8

D'Amico v. CBS Corporation,
   297 F.3d 287 (3d Cir. 2002)........................................................................................8

Dayhoff, Inc. v. H.J. Heinz Co.,
   86 F.3d 1287 (3d Cir. 1996)........................................................................................3

Fisher Bros. Sales, Inc. v. U.S.,
   46 F.3d 279 (3d Cir. 1995)..........................................................................................5

Fleisher v. Standard Ins. Co.,
   2011 U.S. Dist. LEXIS 46756 (D.N.J. May 2, 2011) ............................................7, 9

FMC Corp. v. Holliday,
   498 U.S. 52 (1990)....................................................................................................10

Gregory v. Admin. Office of the Courts,
   168 F. Supp. 2d 319 (D.N.J. 2001) ............................................................................5

Harrow v. Prudential Insurance Company of America,
   279 F.3d 244 (3d Cir. 2002)........................................................................................8

Illingworth v. Nestle U.S.A.,
   926 F. Supp. 482 (D.N.J. 1996) ..............................................................................12

Massachusetts Mut. Life Ins. Co. v. Russell,
    473 U.S. 134 (1985)..............................................................................14

McCoy v. Bd. Of Trustees of Laborers' Int'l Union Loc. No. 222,
    188 F. Supp. 2d 461 (D.N.J. 2002) ........................................................8

McMahon v. McDowell,
    794 F.2d 100 (3d Cir. 1986)..................................................................12

Metropolitan Life Ins. Co. v. Massachusetts,
    471 U.S. 724 (1985)..............................................................................10

Montvale Surgical Center v. Horizon Blue Cross and Blue Shield of New Jersey,
    2013 U.S. Dist. LEXIS 15327 (D.N.J. 2013) .........................................12

Morley v. Avaya, Inc. Long Term Disability Plan,
    2006 U.S. Dist. LEXIS 53720 (D.N.J. Aug. 6, 2006).............................8

Morse v. Lower Merion Sch. Dist.,
    132 F.3d 902 (3d Cir. 1997)..................................................................5, 6

Pane v. RCA Corp.,
    667 F. Supp. 168 (D.N.J. 1987) ........................................................11, 14

Pilot Life Ins. Co. v. Dedeaux,
    481 U.S. 41 (1987)................................................................................12

Sciotto v. U.S. Healthcare Systems of Pa.,
    2001 U.S. Dist. LEXIS 20103 (E.D.Pa. Dec. 5, 2001) ..........................11

Shaw v. Delta Air Lines, Inc.,
    463 U.S. 85 (1983)................................................................................10

Temple University Hospital, Inc. v. Group Health, Inc.,
    2006 U.S. Dist. LEXIS 48151 (E.D. Pa. July 13, 2006 .........................12

Toys 'R' Us, Inc. v. Step Two, S.A.,
    318 F.3d 446 (3d Cir. 2003)..................................................................3

Varity Corp. v. Howe,
    516 U.S. 489 (1996)..............................................................................7

Wright v. Hartford Benefit Management Services,
    2012 U.S. Dist. LEXIS 67007 (D.N.J. May 11, 2012) ...........................7

Zahl v. Cigna Corp.,
    2010 U.S. Dist. LEXIS 32268 (D.N.J. Mar. 31, 2010)......................10, 13

**Statutes**

29 U.S.C. § 1001 et seq. ("ERISA")........................................................................ passim

## PRELIMINARY STATEMENT

Defendant Pfizer Inc. ("Pfizer" or "Defendant"), by and through its undersigned counsel in the above-captioned matter, hereby submits this memorandum of law in support of Pfizer's motion, pursuant to <u>Fed</u>. <u>R</u>. <u>Civ</u>. <u>P</u>. 12(b)(6), to partially dismiss Plaintiff's Complaint.

Plaintiff Patient Care Associates LLC ("Plaintiff" or "Patient Care") asserts standing to bring this action pursuant to an assignment of benefits from a subscriber to a self-funded group health insurance plan (hereinafter referred to as "L.H."). Plaintiff filed the within Complaint against Pfizer and unknown defendants alleging the following: (1) an unlawful denial of benefits under an employee benefit plan subject to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA") (the First Count); (2) a breach of ERISA fiduciary duty (the Second Count); and (3) a claim for negligent misrepresentation (the Third Count). A fourth cause of action is asserted against unknown defendants.

The gravamen of Plaintiff's Complaint is that Defendants wrongfully denied payments for certain medical services rendered to L.H. allegedly due under the terms of a group health insurance plan (the "Plan") in which L.H. was a participant. Though the Complaint asserts three independent causes of action, Plaintiff's claims substantively amount to a demand for benefits under the Plan, an employee benefit plan governed by ERISA, which is completely addressed by the First Count.

The Second Count, which asserts a claim for breach of ERISA fiduciary duty, is essentially duplicative of Plaintiff's claim for benefits stated in the First Count. The Third Count, negligent misrepresentation, represents an attempt to enforce Plaintiff's rights as an assignee under the Plan via a state law theory of recovery, which is forbidden by ERISA's broad preemptive provisions. The Second and Third Counts thus fail as a matter of law. Accordingly,

Pfizer respectfully requests that the Court grant its motion and dismiss the Second and Third Counts of the Plaintiff's Complaint for failure to state a claim upon which relief may be granted.

In addition, Plaintiff's demand for compensatory damages should be dismissed or otherwise stricken from the Complaint. It is well-settled that a plaintiff who makes a claim under ERISA is not entitled to the recovery of extra-contractual relief. Recovery is limited to the benefits the Court may determine are due under the Plan.

## FACTS[1]

L.H. was a participant in the Plan, which was sponsored by Pfizer. (See Complaint, attached to the Declaration of Carla D. Macaluso ("Macaluso Dec."), as Exhibit A, ¶ 5). L.H. assigned his benefits under the Plan to Plaintiff, which provided L.H. with certain medical services. (See Macaluso Dec., Ex. A, ¶¶ 6, 8). The Plan is an employee benefit plan governed by ERISA. (See Macaluso Dec., Ex. A, ¶ 18).

Plaintiff was an "out-of-network" provider, meaning that it had no contract with Defendant for reimbursement at a negotiated rate. (See Macaluso Dec., Ex. A, ¶1). Plaintiff provided the treating doctors and the facility, a high-level ambulatory surgery center, for the medical procedures administered to L.H. on May 8, 2012. (See Macaluso Dec., Ex. A, ¶¶ 8, 11). Plaintiff submitted a bill for the services rendered to L.H. in the amount of $12,504.00. (See Macaluso Dec., Ex. A, ¶ 11). Defendant approved a total allowed amount of $838.66 and issued payment in the amount of $670.93. (See Macaluso Dec., Ex. A, ¶ 11). The remaining balance was not allowed. (See Macaluso Dec., Ex. A, ¶ 11).

Plaintiff contends it submitted appeals for reconsideration of the claim determination and for further payment, but Defendant failed to appropriately respond to Plaintiff's appeals by: (a) failing to provide a copy of the Summary Plan Description; (b) failing to give a detailed explanation as to how they determined the approved amount for payment on the dates of service at issue; and (c) failing to properly process Plaintiff's claims for payment. (See Macaluso Dec., Ex. A, ¶ 13). Plaintiff also contends Defendant further failed to properly advise Plaintiff about the appeal process and therefore, did not properly consider payment on appeal. (See Macaluso Dec., Ex. A, ¶ 13).

---

[1] The following facts are to be accepted as true for the sole purpose of deciding this motion. See Toys 'R' Us, Inc. v. Step Two, S.A., 318 F.3d 446, 457 (3d Cir. 2003); Dayhoff, Inc. v. H.J. Heinz Co., 86 F.3d 1287, 1301 (3d Cir. 1996).

Subsequently, Plaintiff filed the instant lawsuit asserting, in essence, a single cause of action arising out of Plaintiff's disagreement with the determination made of the amount of benefits to which they were entitled (as assignee of L.H.) under the Plan, an employee benefit plan governed by ERISA. Plaintiff's *ad damnum* clause demands compensatory damages, along with other forms of relief, in connection with its Complaint.

## LEGAL ARGUMENT

### POINT I

### THE SECOND AND THIRD COUNTS OF THE COMPLAINT ARE SUBJECT TO DISMISSAL BECAUSE THEY FAIL TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

The Second and Third Counts of the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because the allegations therein do not establish an actionable claim against Pfizer. Rule 12(b)(6) authorizes the court to dismiss any pleading, or portion thereof, which fails to state a claim upon which relief can be granted. In other words, "the court may dismiss a Complaint if it appears certain the plaintiff cannot prove any set of facts in support of its claims which would entitle it to relief." Gregory v. Admin. Office of the Courts, 168 F. Supp. 2d 319, 326 (D.N.J. 2001) (citations omitted).

On a motion made pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept as true all of the allegations in the complaint and must draw all reasonable references in the plaintiff's favor. Albright v. Oliver, 510 U.S. 266, 268 (1994). However, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Gregory, 168 F. Supp. 2d at 326 (quoting Neitzke v. Williams, 490 U.S. 319, 326-27 (1989)). As such, the court is not constrained by Plaintiff's legal characterizations of its allegations (see Fisher Bros. Sales, Inc. v. U.S., 46 F.3d 279, 286 (3d Cir. 1995)), and conclusory allegations or legal conclusions masquerading as factual conclusions cannot defeat a motion to dismiss. See Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Rather, to survive a motion to dismiss, Plaintiff's Complaint must state either direct or inferential factual allegations outlining all material elements necessary for recovery under the relevant legal theory. Although the federal

rules require only "notice pleading," a complaint which merely recites bare legal conclusions will not survive a motion to dismiss. Id. As held by the United States Supreme Court:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of [her] 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true.

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

As further discussed below, the Second Count of the Complaint, which asserts a claim for breach of ERISA fiduciary duty, is impermissibly duplicative of the First Count of the Complaint (which seeks benefits due under the Plan) and must be dismissed on that basis. The Third Count of the Complaint, negligent misrepresentation, is a state law cause of action involving Plaintiff's rights, as assignee, under the Plan; it is preempted and subject to dismissal on that basis. The factual allegations in the Complaint in support of these claims are insufficient to show that the Plaintiff has a "plausible claim for relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Dismissal is therefore mandated.

## POINT II

## COUNT TWO OF THE COMPLAINT IS DUPLICATIVE OF, AND IS THEREFORE SUBSUMED BY, PLAINTIFF'S CLAIM FOR BENEFITS UNDER ERISA.

The Second Count of Plaintiff's Complaint asserts a claim for breach of fiduciary duty, presumably under ERISA § 502(a)(3). According to Plaintiff, Defendant's alleged failure to appropriately respond to Plaintiff's claims determination appeals amounts to a breach of Defendant's fiduciary duties under ERISA and a breach of the Plan's terms. Plaintiff does not allege that Defendant engaged in any other independent misconduct amounting to a breach of its fiduciary duties or a breach of the Plan's terms.

ERISA § 502(a)(3) is considered a "catchall" provision which "offer[s] appropriate equitable relief for injuries caused by violations that § 502 does not elsewhere adequately remedy." Varity Corp. v. Howe, 516 U.S. 489, 512 (1996). Here, Plaintiff has challenged Defendant's benefits determination and, by way of the First Count of the Complaint, brought a claim under ERISA § 502(a)(1)(B) "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Plaintiff therefore "cannot pursue the same claim based on breach of fiduciary duty under the 'safety-net' provisions of [ERISA § 502(a)(3)]." Wright v. Hartford Benefit Management Services, 2012 U.S. Dist. LEXIS 67007 (D.N.J. May 11, 2012) (copy of case attached to the Macaluso Dec. as Exhibit B), quoting Powell, II v. Greater Media Inc. Long Term Disability Plan, 2008 U.S. Dist. LEXIS 99766, at *10-11 (E.D. Pa. Dec. 10, 2008) (copy of case attached to the Macaluso Dec. as Exhibit C); see also Fleisher v. Standard Ins. Co., 2011 U.S. Dist. LEXIS 46756 (D.N.J. May 2, 2011) (dismissing claim under ERISA § 502(a)(3) where, as here, the sole basis for Plaintiff's breach

of fiduciary duty claim is that Defendants denied benefits in an arbitrary and capricious manner) (copy of case attached to the Macaluso Dec. as Exhibit D).

It is well-settled in the Third Circuit that claims for breach of fiduciary duties under ERISA may, under circumstances similar to those present here, be "synonymous with a claim to enforce the terms of a benefit plan." D'Amico v. CBS Corporation, 297 F.3d 287, 291 (3d Cir. 2002). Indeed, in Harrow v. Prudential Insurance Company of America, 279 F.3d 244, 254 (3d Cir. 2002), the Third Circuit held that "a claim for breach of fiduciary duty is actually a claim for benefits where the resolution of the claim rests upon an interpretation and application of an ERISA-regulated plan rather than upon an interpretation and application of ERISA." See also Cohen v. Independence Blue Cross, 820 F. Supp. 2d 594, 607-08 (D.N.J. 2011) ("[I]t is improper to assert a breach of fiduciary claim when it is akin to a claim to enforce the terms of a benefit plan.").

Here, Plaintiff's breach of fiduciary duty claim is improper because the sole basis for Plaintiff's claim is that Pfizer denied benefits in an arbitrary and capricious manner, and Plaintiff now seeks additional benefits allegedly owed under the Plan. To be sure, no allegations substantively differentiate Plaintiff's claim of breach of fiduciary duty (the Second Count) from its claim for ERISA benefits (the First Count). Compare Macaluso Dec., Ex. A, ¶¶ 19-21 and 25-27 (the First Count) with ¶¶ 31-36 (the Second Count). Plaintiff does not claim any additional relief under its breach of fiduciary duty claim that it is not otherwise potentially entitled to if it prevails on its wrongful denial of benefits claim. See Morley v. Avaya, Inc. Long Term Disability Plan, 2006 U.S. Dist. LEXIS 53720, at *69-70 (D.N.J. Aug. 6, 2006) (copy of case attached to the Macaluso Dec. as Exhibit E); see also McCoy v. Bd. Of Trustees of Laborers' Int'l Union Loc. No. 222, 188 F. Supp. 2d 461, 472, fn. 10 (D.N.J. 2002) (holding Plaintiff could

not receive anything under breach of fiduciary duty claim that the court had not already awarded him under his claim for benefits). It should be noted that Plaintiff does not even seek different forms of relief in Counts One and Two. Instead, Plaintiff seeks money damages in both counts, further establishing the impermissibly duplicative nature of the two claims and that § 503(a)(2) is unavailable because Plaintiff does not seek "additional relief" otherwise not provided for in §502(a)(1). Fleisher v. Standard Ins. Co., 2011 U.S. Dist. LEXIS 46756, at *35-36 (D.N.J. May 2, 2011). For the foregoing reasons, Count Two of the Complaint should be dismissed.

# POINT III

## COUNT THREE OF THE COMPLAINT ASSERTS A STATE LAW CLAIM THAT RELATES TO AN EMPLOYEE BENEFIT PLAN GOVERNED BY ERISA AND IS THUS PREEMPTED AND MUST BE DISMISSED.

### A.     ERISA Preemption.

The purpose of ERISA is to provide a uniform regulatory scheme over legal issues relating to employee benefit plans. See Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 90 (1983). To this end, subject to certain exceptions – none of which are applicable here – ERISA preempts all state law causes of action that relate to an employee benefit plan. 29 U.S.C. § 1144(a). A state law cause of action is preempted where the claim "has a connection with or a reference to such plan." Metropolitan Life Ins. Co. v. Massachusetts, 471 U.S. 724, 739 (1985). ERISA preemption is "conspicuous for its breadth," and displaces all state law claims that fall within its sphere, including common law claims. FMC Corp. v. Holliday, 498 U.S. 52, 58 (1990). State law causes of action are also specifically preempted by ERISA where the challenged cause of action provides an alternate mechanism for enforcing rights protected by and enforced under ERISA. 29 U.S.C. § 1132(a) (setting forth a comprehensive civil enforcement scheme foreclosing any state law falling within its scope); Aetna Health Inc. v. Davila, 542 U.S. 200, 209 (2004) ("[A]ny state-law cause of action that duplicates, supplements or supplants the ERISA civil enforcement remedy conflicts with the clear Congressional intent to make the ERISA remedy exclusive and is therefore preempted."); see also Zahl v. Cigna Corp., 2010 U.S. Dist. LEXIS 32268, at *5 (D.N.J. Mar. 31, 2010) (copy of case attached to the Macaluso Dec. as Exhibit F).

As detailed below, Plaintiff is seeking to utilize an alternate mechanism – through its state law claim – to seek damages and enforce rights protected by and enforced under section 502(a) of ERISA (the right to claim benefits under an ERISA-covered employee benefit plan).

In order for Plaintiff's state law claim to be preempted by ERISA, two criteria must be satisfied. First, the Plan must be an ERISA benefit plan governed by ERISA. Second, the claim must relate to the Plan. See Pane v. RCA Corp., 667 F. Supp. 168, 170 (D.N.J. 1987), aff'd, 868 F.2d 631 (3d Cir. 1989). For the reasons and based upon the authorities cited below, both criteria are satisfied and Plaintiff's state law claim is preempted.

**B.    The Plan Is An Employee Benefit Plan Governed by ERISA.**

It is beyond dispute, assuming the allegations in the Complaint as true, that the Plan is an employee benefit plan governed by ERISA. See ERISA § 4, 29 U.S.C. § 1003 (providing, with inapplicable exception, that ERISA applies to any "employee benefit plan"); ERISA § 3(3), 29 U.S.C. § 1002(3)(providing that an "employee welfare benefit plan" is an "employee benefit plan"); and ERISA § 3(1), 29 U.S.C. § 1002(1)(defining an "employee welfare benefit plan" as a plan that provides "medical, surgical or hospital care or benefits" to the plan's participants). See also Macaluso Dec., Ex. A, ¶¶ 4-5, 7, 18.

**C.    Plaintiff's State Law Claim Clearly Relates To The Plan.**

As noted above, ERISA preempts all state law claims and causes of action that relate to an employee benefit plan governed by ERISA. 29 U.S.C. § 1144(a). In this context, the term "state law" encompasses state common law causes of action, as it includes "all laws, decisions, rules, regulations or other state action having the effect of law, of any State." Sciotto v. U.S. Healthcare Systems of Pa., 2001 U.S. Dist. LEXIS 20103, at *5 (E.D.Pa. Dec. 5, 2001) (copy of case attached to the Macaluso Dec. as Exhibit G) (internal citations omitted.)

Plaintiff's state law claim arises out of Defendant's alleged failure to pay Plaintiff the benefits to which it is entitled, as assignee, under the terms of the Plan. Plaintiff's Complaint essentially seeks recovery under state law for Pfizer's denial of benefits under an ERISA welfare benefit plan. Plaintiff's state law claim is therefore preempted. See Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 48 (1987) (common law causes of action challenging the alleged improper denial of a claim for benefits under an ERISA plan "undoubtedly" meet the criteria for preemption under ERISA Section 514(a)); see also McMahon v. McDowell, 794 F.2d 100 (3d Cir. 1986); Illingworth v. Nestle U.S.A., 926 F. Supp. 482, 492 (D.N.J. 1996) ("Because [plaintiff's] claim relates to an employee benefit plan, ERISA preempts New Jersey law, and any entitlement to relief is governed by federal law."). Plaintiff's claims relate to the Plan, an ERISA plan, and must be dismissed on that basis.

Not surprisingly, Third Circuit courts have systematically and regularly dismissed, on the basis of ERISA preemption, state law claims nearly identical to those raised by Plaintiff in the Complaint. See, e.g., Temple University Hospital, Inc. v. Group Health, Inc., 2006 U.S. Dist. LEXIS 48151, at *11 (E.D. Pa. July 13, 2006) ("There is no viable dispute as to the legal proposition of whether ERISA preempts state law breach of contract claims that relate to an employee benefit plan") (copy of case attached to the Macaluso Dec. as Exhibit H); Beye v. Horizon Blue Cross and Blue Shield of New Jersey, 568 F. Supp. 2d 556 (D.N.J. Aug. 1, 2008) (dismissing claims for unjust enrichment and misrepresentation on the basis of ERISA preemption); Montvale Surgical Center v. Horizon Blue Cross and Blue Shield of New Jersey, 2013 U.S. Dist. LEXIS 15327 (D.N.J. 2013) (dismissing breach of contract, promissory estoppel, negligent misrepresentation, and unjust enrichment claims on the basis of ERISA preemption) (copy of case attached to the Macaluso Dec. as Exhibit I); Zahl, 2010 U.S. Dist. LEXIS 32268, at

12

at *5 (dismissing breach of contract, misrepresentation, and unjust enrichment claims as preempted by ERISA). The same result is mandated here.

**POINT IV**

**AS A MATTER OF LAW, COMPENSATORY AND
OTHER NON-CONTRACTUAL DAMAGES ARE
UNAVAILABLE ON PLAINTIFF'S CLAIM FOR
BENEFITS UNDER THE PLAN.**

Plaintiff's *ad damnum* clause demands compensatory damages, along with other forms of relief, in connection with each and every count of the Complaint. To the extent these demands include a claim for compensatory damages on Plaintiff's claim for benefits under the Plan, such a claim is precluded by ERISA.

It is well-settled that Congress did not intend to provide participants in ERISA-covered plans with any right for extra-contractual relief, such as compensatory or punitive damages, under ERISA's civil enforcement provisions. Massachusetts Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 144 (1985); Barber v. UNUM Life Ins. Co. of Am., 383 F.3d 134 (3d Cir. 2004); Pane, 868 F.2d at 635 (3d Cir. 1989). Accordingly, ERISA plaintiffs are not entitled to any form of extra-contractual relief except for the recovery of any benefits that may be due under the covered plan at issue. Thus, to the extent Plaintiff demands compensatory damages on its claim for benefits under the Plan, this demand is barred as a matter of law and should be stricken from the Complaint.

## <u>CONCLUSION</u>

For all the foregoing reasons, Pfizer respectfully requests this Court enter an Order dismissing the Second and Third Counts of Plaintiff's Complaint and striking Plaintiff's demand for compensatory damages in connection with its claim for benefits pursuant to the Plan.

Respectfully submitted,

JACKSON LEWIS LLP
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey 07960-6834
(973) 538-6890


By: <u>s/ Carla D. Macaluso</u>
   Carla D. Macaluso
   Janet O. Lee
   ATTORNEYS FOR DEFENDANT
   PFIZER INC.

Dated: May 23, 2013

4812-0182-1460, v. 1

15