JACKSON LEWIS LLP
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, NJ 07960
(973) 538-6890
ATTORNEYS FOR DEFENDANT PFIZER INC.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATIENT CARE ASSOCIATES LLC a/s/o L.H., <br><br> Plaintiff, <br><br> vs. <br><br> PFIZER; ABC CORP. (1-10) (Said names being fictitious and unknown entities), <br><br> Defendant(s). | Civil Action No. 2:13-cv-2065 (CCC)(JAD) <br><br> **DEFENDANT PFIZER INC.'S ANSWER AND DEFENSES** |

Defendant Pfizer Inc. ("Defendant" or "Pfizer"), by and through its attorneys, Jackson Lewis LLP, in answer to Plaintiff's complaint, states as follows:

### THE PARTIES

1. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the complaint.

2. Defendant admits that it is a pharmaceutical company and that it maintains a location at 235 East 42nd Street, New York, NY 10017.

3. To the extent this paragraph states legal contentions, no responsive pleading is required and Defendant leaves Plaintiff to its proofs. Defendant denies the remaining allegations set forth in paragraph 3 of the complaint.

4. Defendant admits it sponsors a self-funded group employee welfare benefit plan for eligible participating employees and eligible participating family members.

1

5.   Defendant admits L.H. was a participant in a group employee welfare benefit plan sponsored by Pfizer. Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 5 of the complaint.

6.   Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's receipt of an Assignment of Benefits from L.H. The remaining allegations set forth in paragraph 6 of the complaint state legal contentions to which no response is required. To the extent a response is required, Defendant denies the remaining allegations set forth in this paragraph of the complaint and leave Plaintiff to its proofs.

## SUBSTANTIVE ALLEGATIONS

7.   Defendant denies the allegations set forth in paragraph 7 of the complaint.

8.   Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff provided treating doctors and a facility, a high-level ambulatory surgery center, for the medical procedures administered to L.H. Defendant denies the remaining allegations set forth in this paragraph of the complaint.

9.   Defendant denies the allegations set forth in paragraph 9 of the complaint and avers only that the claims at issue were properly processed and paid in accordance with the terms, conditions, exclusions, and limitations of the applicable group employee welfare benefit plan.

10.   Defendant denies the allegations set forth in paragraph 10 of the complaint and avers only that the claims at issue were properly processed and paid in accordance with the terms, conditions, exclusions, and limitations of the applicable group employee welfare benefit plan.

11.   Defendant denies the allegations set forth in paragraph 11 of the complaint and avers only that the claims at issue were properly processed and paid in accordance with the

terms, conditions, exclusions, and limitations of the applicable group employee welfare benefit plan.

12. Paragraph 12 sets forth a prayer for relief, to which no responsive pleading is required. Defendant denies that Plaintiff is entitled to any relief at law or in equity.

13. Defendant denies the allegations set forth in paragraph 13 of the complaint.

14. Defendant denies the allegations set forth in paragraph 14 of the complaint and avers only that the claims at issue were properly processed and paid in accordance with the terms, conditions, exclusions, and limitations of the applicable group employee welfare benefit plan.

15. Defendant denies the allegations set forth in paragraph 15 of the complaint.

### FIRST COUNT
### (Violation of ERISA)

16. Defendant repeats and realleges its answers to the aforementioned paragraphs as if fully set forth in response to paragraph 16 of the complaint.

17. The allegations set forth in paragraph 17 of the complaint state legal contentions, to which no responsive pleading is required. As such, Defendant leaves Plaintiff to its proofs.

18. Defendant admits that the Plan at issue is governed by ERISA and that it is the Plan Administrator.

19. Defendant denies the allegations set forth in paragraph 19 of the complaint.

20. Defendant denies the allegations set forth in paragraph 20 of the complaint.

21. Defendant denies the allegations of paragraph 21 of the complaint.

22. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the complaint.

23. To the extent the allegations in paragraph 23 of the complaint state legal contentions, no responsive pleading is required. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's receipt of an Assignment of Benefits from L.H. As such, Defendant leaves Plaintiff to its proofs.

24. The allegations set forth in paragraph 24 of the complaint state legal contentions, to which no responsive pleading is required. As such, Defendant leaves Plaintiff to its proofs.

25. Defendant admits only that Plaintiff has sought payment of benefits under L.H.'s plans. Defendant denies the remaining allegations set forth in paragraph 25 of the complaint.

26. Defendant denies the allegations set forth in paragraph 26 of the complaint.

27. Defendant denies the allegations set forth in paragraph 27 of the complaint.

28. The allegations set forth in paragraph 28 of the complaint state legal contentions, to which no responsive pleading is required. As such, Defendant leaves Plaintiff to its proofs. To the extent a more detailed response is required, Defendant denies Plaintiff is entitled to any relief at law or in equity.

29. Defendant denies the allegations set forth in paragraph 29 of the complaint.

**WHEREFORE**, Defendant denies Plaintiff is entitled to the relief requested in the WHEREFORE clause following the First Count of the complaint.

## SECOND COUNT
### (ERISA – Breach of Fiduciary Duty)

30. Defendant repeats and realleges its answers to the aforementioned paragraphs as if fully set forth in response to paragraph 30 of the complaint.

31. The allegations set forth in paragraph 31 of the complaint are the subject of a motion currently pending before the Court and, for that reason, no response is required.

32. The allegations set forth in paragraph 32 of the complaint are the subject of a motion currently pending before the Court and, for that reason, no response is required.

33. The allegations set forth in paragraph 33 of the complaint are the subject of a motion currently pending before the Court and, for that reason, no response is required.

34. The allegations set forth in paragraph 34 of the complaint are the subject of a motion currently pending before the Court and, for that reason, no response is required.

35. The allegations set forth in paragraph 35 of the complaint are the subject of a motion currently pending before the Court and, for that reason, no response is required.

36. The allegations set forth in paragraph 36 of the complaint are the subject of a motion currently pending before the Court and, for that reason, no response is required.

**WHEREFORE**, Defendant denies Plaintiff is entitled to the relief requested in the WHEREFORE clause following the Second Count of the complaint.

## THIRD COUNT
### (Negligent Misrepresentation)

37. Defendant repeats and realleges its answers to the aforementioned paragraphs as if fully set forth in response to paragraph 37 of the complaint.

38. The allegations set forth in paragraph 38 of the complaint are the subject of a motion currently pending before the Court and, for that reason, no response is required.

39. The allegations set forth in paragraph 39 of the complaint are the subject of a motion currently pending before the Court and, for that reason, no response is required.

40. The allegations set forth in paragraph 40 of the complaint are the subject of a motion currently pending before the Court and, for that reason, no response is required.

41. The allegations set forth in paragraph 41 of the complaint are the subject of a motion currently pending before the Court and, for that reason, no response is required.

**WHEREFORE**, Defendant denies Plaintiff is entitled to the relief requested in the WHEREFORE clause following the Third Count of the complaint.

## FOURTH COUNT

42. Defendant repeats and realleges its answers to the aforementioned paragraphs as if fully set forth in response to paragraph 42 of the complaint.

43. The allegations set forth in paragraph 43 of the complaint are not directed to Defendant and as such, no response is required.

**WHEREFORE**, Defendant denies Plaintiff is entitled to the relief requested in the WHEREFORE clause following the Fourth Count of the complaint.

## DEFENSES

### AS AND FOR A FIRST DEFENSE

Plaintiff's complaint fails to state a cause of action upon which relief can be granted as a matter of fact and/or law.

### AS AND FOR A SECOND DEFENSE

Plaintiff's claims are barred because Plaintiff lacks standing to pursue this action.

### AS AND FOR A THIRD DEFENSE

Plaintiff's claims are preempted, in whole or in part, by ERISA.

### AS AND FOR A FOURTH DEFENSE

Plaintiff's claims are governed, in whole or in part, by ERISA, and ERISA does not provide for the relief Plaintiff seeks against the Defendant.

### AS AND FOR A FIFTH DEFENSE

Plaintiff's demand for compensatory damages is barred by ERISA, which limits Plaintiffs to payment of benefits that were allegedly denied.

### AS AND FOR A SIXTH DEFENSE

Plaintiff's claims are barred by the express terms of the applicable health benefit plan.

### AS AND FOR A SEVENTH DEFENSE

Plaintiff has failed to exhaust its administrative remedies under the applicable health benefit plan.

### AS AND FOR AN EIGHTH DEFENSE

Plaintiff's claims were not asserted within the time parameters stated in the applicable health benefit plan and are thus untimely.

## AS AND FOR A NINTH DEFENSE

Defendant reserves the right to amend its answer, to add additional or other defenses, to delete or withdraw defenses, and to add other claims as they may become necessary after a reasonable opportunity for appropriate discovery.

**WHEREFORE**, Defendant respectfully requests that this Court:

a. Dismiss the complaint in its entirety with prejudice;

b. Deny each and every demand, claim, and prayer for relief set forth in the complaint;

c. Award to Defendant reimbursement for reasonable attorneys' fees and costs incurred in defending this meritless and vexatious action; and

d. Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

JACKSON LEWIS LLP
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey 07960
(973) 538-6890

By: s/ Carla D. Macaluso
    Carla D. Macaluso
    Janet O. Lee
ATTORNEYS FOR DEFENDANT PFIZER INC.

DATED: May 23, 2013

## L. CIV. R. 11.2 CERTIFICATION

Pursuant to L. Civ. R. 11.2, I hereby certify that upon information and belief, this matter is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding. I know of no other parties who should be joined in this action at this juncture.

                                        JACKSON LEWIS LLP
                                      220 Headquarters Plaza
                                      East Tower, 7th Floor
                                      Morristown, New Jersey 07960
                                      (973) 538-6890

                                      By: s/ Carla D. Macaluso
                                            Carla D. Macaluso
                                      ATTORNEYS FOR DEFENDANT PFIZER INC.

DATED: May 23, 2013

4840-4267-6756, v. 1